UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STRIKE 3 HOLDINGS, LLC,

           **Plaintiff,**

v.                                            Case No: 6:23-cv-2446-CEM-DCI

JOHN DOE,

           **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion to Quash Subpoena by Defendant John Doe (Doc. 12)
>
> **FILED:** February 29, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**

Defendant seeks to have the Court quash the subpoena Plaintiff served upon Defendant's Internet Service Provider (ISP). Doc. 12 (the Motion). Specifically, Defendant opposes the disclosure of their name and address to Plaintiff. *Id.* at 1. Plaintiff has filed a response in opposition to the Motion. Doc. 13 (the Response). The Motion is due to be denied.

District courts have broad discretion in handling discovery matters. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). "Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (2016). Accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery

whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Thus, the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted. *See Safranek by & through Safranek v. Wal-Mart Stores, Inc.*, 2010 WL 11505263, at *2 (S.D. Fla. June 1, 2010) (citations omitted).

Rule 45(d)(3)(A)(iv) provides, in part, that upon timely motion, the court must quash or modify a subpoena that "subjects a person to undue burden." The movant bears the burden of demonstrating that the subpoena subjects the movant to undue burden. *See Dig. Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-41TBS, 2017 WL 4342316, at *9 (M.D. Fla. Sept. 29, 2017) (citation omitted); *Int'l Ass'n of Machinists and Aerospace Workers v. P & B Transp.*, Case No. 3:05-cv-1083-J-32MCR, 2007 WL 4145974, at *2 (M.D. Fla. Nov. 19, 2007). "Claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Eastwood Enters., LLC v. Farha*, 2010 WL 11508180, at *4 (M.D. Fla. Apr. 26, 2010).

First, Defendant is not the recipient of the subpoena. Thus, they only have standing to challenge the subpoena if a "personal right or privilege" was at issue. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citations omitted). In this matter, the court granted Plaintiff leave to serve Spectrum with a narrowly tailored subpoena to facilitate the disclosure of subscriber information—that is, Defendant's name and address. *See* Doc. 11. Notably, an individual has no protected privacy interest in his or her name and address when there is an allegation of copyright infringement. *See, e.g.*, *Platinum Props. Inv'r Network, Inc. v. Does 1-12*, No. 18-61907-CIV, 2018 WL 7825045, at *3 (S.D. Fla. Nov. 19, 2018) ("[C]ourts . . . make clear that an internet subscriber has no protected privacy interest in his or her identifying information when same is sought for the purposes of maintaining a[n] [intellectual property]

infringement action."); *see also Malibu Media, LLC v. Doe*, No. 8:14-cv-2351, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015) (finding that the privacy interest asserted by the alleged downloader was not a sufficient basis to quash a subpoena seeking the alleged copyright infringer's name, address, phone number, and e-mail address) (citation omitted).

To the extent that Defendant challenges the third-party subpoena on the basis of "undue burden," the challenge must fail. Defendant has not asserted, let alone established, any undue burden upon Defendant, and the ISP has not challenged the subpoena on the grounds that it imposes an undue burden upon the ISP. As such, Defendant lacks standing to assert that the subpoena imposes an undue burden upon the ISP. *See, e.g.*, *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds.").

Next, Defendant seemingly contends that disclosure of their name and address would lead to embarrassment given the nature of the copyrighted material. *See* Doc. 12 at 2. Defendant further argues that Plaintiff's discovery request lacks the required specificity and does not overcome Defendant's privacy expectation. *See id.* Defendant also provides that an individual residing at the residence connected to the IP address at issue works for a company that uses several proprietary online programs for the protection of consumer goods and cautions that allowing Plaintiff to look into the at-issue IP address might inadvertently give Plaintiff access to protected proprietary information. *See id.* at 3.

Looking to Defendant's substantive arguments concerning undue burden and potential embarrassment, they revolve around the alleged burden of the underlying litigation itself, as well as alleged overarching infirmities in Plaintiff's tactics in bringing these kinds of cases. While

those arguments may ultimately prove to be accurate in a general sense, they provide no basis to quash a third-party subpoena as an undue burden or for potential embarrassment. Indeed, while Defendant points the Court to significant judicial criticisms of Plaintiff's conduct in related litigation, Defendant provides the Court with no legal authority to quash the already-issued third-party subpoena.

To the extent Defendant is concerned about the potential discovery of proprietary information, Defendant has failed to show "that the requested information is a trade secret" or "demonstrate [that] disclosure might be harmful." *Fadalla v. Life Auto. Prod., Inc.*, 258 F.R.D. 501, 506 (M.D. Fla. 2007), *on consideration in part* 2008 WL 68594 (M.D. Fla. Jan. 4, 2008) (citation omitted). As Plaintiff notes in the Response, any potential incursion on trade secrets can be remedied between the parties pursuant to a discovery plan that avoids any inadvertent disclosures. *See* Doc. 13 at 7.

Finally, given Defendant's serious concerns, the Court will permit Defendant to proceed under a pseudonym for 90 days after service of the Complaint. On or before the 90th day after service, if the case remains pending and Defendant wishes to continue to proceed under a pseudonym, Defendant must file a motion in compliance with the Local Rules seeking leave to continue to proceed under a pseudonym. Defendant is cautioned that courts in this Circuit rarely permit parties to proceed anonymously. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (per curiam) (finding that a party may proceed anonymously only in "exceptional cases" ).

Accordingly, the Motion (Doc. 12) is **DENIED**.

**ORDERED** in Orlando, Florida on July 8, 2024.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE